UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER TO ADVANCE SECURITY IN AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF THE AIR FORCE,<br><br>          Defendant. | Civil Action No. 25-0301 (ACR) |

## **ANSWER**

Defendant, Department of Defense, hereby respectfully submits this Answer to the Complaint filed by Plaintiff Center To Advance Security In America. *See* Compl. (ECF No. 1). Defendant denies all allegations in the Complaint, including the relief sought, except when specifically admitted in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, cases, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed as, admissions that the cited materials (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this or any other action; or (c) are admissible in this or any other action.

Using the same organization and numbered paragraphs as the Complaint, the Defendant answers Plaintiffs' allegations in the paragraphs of the Complaint as follows:

1.      The allegations in Paragraph 1 consist of Plaintiff's characterization of this lawsuit to which no response is required.

## JURISDICTION AND VENUE[1]

2.     The allegations in Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA and pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3.     The allegations in Paragraph 3 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations in Paragraph 4.

5.     Defendant admits that the Department is an agency of the U.S. Government. With respect to the remaining allegations, Defendant admits that, based on the language of the request, the Defendant maintains possession, custody, and control over some records which may be relevant to Plaintiff's request, to the extent that such records may exist.

## FACTS

6.     The allegations in Paragraph 6 purport to characterize a FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the FOIA request.

7.     The allegations in Paragraph 7 purport to characterize an October 8, 2024, Air Force communication, which speaks for itself and is the best evidence of its contents. Defendant

---

[1]     For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

respectfully refers the Court to the cited communication for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the cited communication.

8. The allegations in Paragraph 8 purport to characterize an October 15, 2024, Air Force communication, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited communication for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the cited communication.

9. The allegations in Paragraph 9 consist of conclusions of law to which no response is required.

10. The allegations in Paragraph 10 consist of conclusions of law to which no response is required.

11. The allegations in Paragraph 11 purport to characterize a DOJ Memo, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited DOJ Memo for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the cited DOJ Memo.

12. The allegations in Paragraph 12 consist of conclusions of law to which no response is required.

13. The allegations in Paragraph 13 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations and denies any violation of law.

## COUNT I

14. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth therein.

15. The allegations in Paragraph 15 consist of conclusions of law to which no response is required.

16. The allegations in Paragraph 16 consist of conclusions of law to which no response is required.

17. The allegations in Paragraph 17 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations and denies any violation of law.

18. The allegations in Paragraph 18 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations and denies any violation of law.

19. The allegations in Paragraph 19 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations and denies any violation of law.

## PRAYER FOR RELIEF

The remaining paragraph of the Complaint contains Plaintiff's requested relief, to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in the prayer for relief and further avers that Plaintiff is not entitled to the requested relief or any relief whatsoever.

## **DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA, 5 U.S.C. § 552.

**SECOND DEFENSE**

Defendant has conducted an adequate search for records responsive to the FOIA request.

**THIRD DEFENSE**

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions.

**FOURTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FIFTH DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA request. *See* 5 U.S.C. § 552.

**SIXTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

**SEVENTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## **EIGHTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

Dated: April 4, 2025
         Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR.
  D.C. Bar #481866
United States Attorney

By:       */s/ Dedra S. Curteman*
       DEDRA S. CURTEMAN
         D.C. Bar #90021492
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2550

*Attorneys for the United States of America*